**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMY KUSH,** | : | **CIVIL ACTION NO. 1:26-CV-2853** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **LUZERNE COUNTY WARDEN FIEDORCZYK,**[1] | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed under 28 U.S.C. § 2254 in which petitioner challenges a 2026 criminal conviction and sentence in the Luzerne County Court of Common Pleas. The petition will be dismissed for failure to exhaust state court remedies.

## I. Factual Background & Procedural History

Petitioner, Amy Kush, was convicted of making false statements during the purchase of a firearm on March 10, 2026. (Doc. 1 at 1); Commonwealth v. Kush, No.

---

[1] The court notes that the petition names as respondents the warden of the prison in which petitioner is incarcerated, the Attorney General of Pennsylvania, and the Pennsylvania Department of Corrections. The only proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The court will accordingly dismiss the Attorney General and the Pennsylvania Department of Corrections as improper respondents to this petition.

The undersigned additionally notes that prior to her appointment to this court, she was employed by the Attorney General's office. Because the Attorney General is not a proper respondent to this case and no attorneys from the Attorney General's office have entered an appearance in the case, the court finds that the naming of the Attorney General as a respondent in the initial petition does not require the undersigned to recuse herself from the case pursuant to 28 U.S.C. § 455.

CP-40-CR-0000061-2024 (Luzerne Cnty. Ct. of Com. Pl. Mar. 10, 2026). She was sentenced to 10–23 months of imprisonment on July 1, 2026. Id.

Kush filed this case on September 25, 2026, asserting eleven grounds for habeas corpus relief. (Doc. 1). She states that she has appealed her conviction and sentence to the Pennsylvania Superior Court, (Doc. 1 at 12). But the public docket of her criminal case does not indicate that any appeal has been filed. See Kush, No. CP-40-CR-0000061-2024. The court has additionally searched Pennsylvania's public online judicial portal to determine whether any appeals have been filed under Kush's name during the relevant period on the Superior Court's docket and has not found any such cases.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

This case will be dismissed for failure to exhaust state court remedies. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust her remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 842. In Pennsylvania, a

petitioner is only required to present her claim to the Pennsylvania Superior Court to exhaust state court remedies and is not required to appeal to the Pennsylvania Supreme Court. Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

Here, as noted above, there is no record in the dockets of the Luzerne County Court of Common Pleas or the Pennsylvania Superior Court indicating that Kush has filed an appeal of her conviction and sentence. Furthermore, even if an appeal has been filed and the court simply cannot find any record of the appeal, it appears from the timing of Kush's habeas petition that she has not yet fully exhausted state court remedies: she was sentenced on July 1, 2026, and filed this case less than three months later, on September 25, 2026. Based on the court's knowledge of the pace at which appeals in Pennsylvania state courts are generally decided, it appears impossible that petitioner could have filed an appeal and received a decision from the Superior Court on the merits of her claims in the period of less than three months between her conviction and the filing of this case. Accordingly, her petition will be dismissed for failure to exhaust state court remedies.

## IV. Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state court remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 28, 2026